UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALFRED S., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:22-cv-00270-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal argues that the Administrative Law Judge (ALJ) erred in rejecting elements of his treating physician's residual functional capacity (RFC) opinion in the absence of any "competing" expert opinion. Plaintiff's Brief (ECF No. 11) at 3-4. Because the Plaintiff fails to come to grips with this Court's own contrary authority on that point, I recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of lumbar spine disorder, cervical spine disorder, and myofascial pain syndrome, *see* Record at 74; (2) retained the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that he could lift and carry twenty-five pounds occasionally and twenty pounds frequently, stand and walk for up to two hours in an eight-hour workday, sit for six hours in an eight-hour workday, needed to be allowed

1

to alternate between sitting and standing every hour, and had additional postural and environmental restrictions, *see id.* at 81; (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 90; and (4) therefore had not been disabled at any time from January 1, 2019, his alleged onset date of disability, through the date of the decision, May 4, 2022, *see id.* at 91.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see* Record at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

In assessing the Plaintiff's physical RFC, the ALJ considered the opinions of agency nonexamining consultants Jennifer Marshall, M.D., and Donald Trumbull,

M.D., that the Plaintiff had no physical limitations as well as those of agency examining consultant Arthur M. Scott, Jr., M.D., and treating physician Mark Marin, D.O., that he had a number of such limitations. *See* Record at 84-86, 253-54, 258-59, 1100-08, 1122-25, 1259-64. The ALJ deemed the opinions of Drs. Marin and Scott "partially persuasive" and rejected those of Drs. Marshall and Trumbull. *Id.* at 84-86. As relevant here, he declined to adopt Dr. Marin's finding that the Plaintiff "had a significant impairment in attention and concentration such that [he] would be off task 15 to 20 percent of an 8-hour workday[] and would be absent four days a month," explaining:

> These significant limitations are not consistent with the objective evidence, which documents intact attention and concentration. [They are] also not consistent with the [Plaintiff's] activities, including playing chess online, managing his finances, and engaging in daily Bible study for 30 to 60 minutes. Additionally, there is no objective basis the [Plaintiff] would be absent four days a month nor did Dr. Martin provide any rationale for this limitation. Notably, the [Plaintiff] presented to his appointments on his own and on time.

*Id.* at 84 (citations omitted).

The Plaintiff contends that the ALJ wrongly rejected those limitations because there was "no other opinion on these issues upon which the ALJ could rely," Dr. Scott having agreed with the off-task limitation and offered no opinion on whether the Plaintiff would miss workdays. Plaintiff's Brief at 3 & n.1.[1]

---

[1] The Plaintiff also mentions in passing that the ALJ "altered Dr. Marin's [opinion] regarding a need to alternate sitting and [standing] by concluding that the alternation would only need to be hourly rather than at will." Plaintiff's Brief at 3. Yet, he does not elaborate on that point or press it as a separate basis for remand, *see id.* at 3-4, thereby waiving it, *see, e.g.*, *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *Reynolds v. Astrue,* No. 07-5-B-W, 2007 WL 3023573, at *7 (D. Me. Oct. 12, 2007) (rec. dec.) ("In this Court, issues asserted in conclusory fashion without developed argumentation will

But, while the Plaintiff cites authority for the overarching proposition that "an ALJ's RFC must generally be supported by medical opinion evidence," he cites no authority for the narrow proposition that an ALJ cannot reject a portion of an expert's opinion unless there is a conflicting expert opinion on that point. *See id.* at 3-4. Beyond that, as the Commissioner observes, *see* Commissioner's Brief (ECF No. 12) at 1-2, the Plaintiff overlooks contrary authority from this Court, *see Ferrante v. Astrue*, 755 F. Supp. 2d 206, 210 (D. Me. 2010) ("The plaintiff asserts that the administrative law judge could only reject Dr. Graf's diagnosis if the record also contains 'a definitive opinion to the contrary.' He cites no authority for this argument, and it is not a correct statement of Social Security law." (citation omitted)); *Leslie B. v. Saul*, No. 1:19-cv-00464-GZS, 2020 WL 3960390, at *5 (D. Me. July 13, 2020) (rec. dec.) (rejecting a claimant's argument that "without an opinion to the contrary, the ALJ had to adopt the diagnoses and findings of [the claimant's] providers" and citing *Ferrante* for the proposition that "the ALJ's citation to the medical evidence to support her assessment of [a treating provider's] opinions is sufficient"), *aff'd*, 2020 WL 4457768 (D. Me. Aug. 3, 2020). The Plaintiff's failure to address that contrary authority is fatal to his bid for remand on this basis.

---

be considered waived."), *aff'd,* 2007 WL 3331592 (D. Me. Oct. 30, 2007). That the Plaintiff elaborated on the point in his reply brief and at oral argument does not salvage it: "arguments developed for the first time in a reply brief are waived." *Small Just. LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 323 n.11 (1st Cir. 2017); *See also, e.g., Oliveira v. New Prime, Inc.*, 857 F.3d 7, 17 n.15 (1st Cir. 2017) ("[A] reply brief is not the appropriate place to switch gears and offer new arguments."), *aff'd sub nom. New Prime Inc. v. Oliveira,* 139 S. Ct. 532 (2019).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 27, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge